IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                   |
|------------------------------|---|-------------------|
| DEOLA CHATMAN,               | § |                   |
|                              | § |                   |
|    Plaintiff, | § |                   |
|                              | § |                   |
| vs.                          | § | No. 07-2121-JDB/dkv |
|                              | § |                   |
| HENRY M. PAULSON, JR.,       | § |                   |
| SECRETARY, DEPARTMENT OF     | § |                   |
| THE TREASURY,                | § |                   |
|                              | § |                   |
|    Defendant. | § |                   |
|                              | § |                   |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On February 16, 2007, Plaintiff Deola Chatman filed a pro se complaint seeking review of the determination of the United States Equal Employment opportunity Commission ("EEOC"), Office of Federal Operations, that her complaint under Title VII of the Civil Rights Act of 1964, failed to state a claim of discrimination. Chatman also filed a motion seeking leave to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the Defendant as Henry M. Paulson, Secretary, Department of the Treasury.

    Chatman invokes this Court's jurisdiction based upon the EEOC Notice of Right to Sue which was issued on November 29, 2006. That

decision advised Chatman that her EEO complaint failed to state a claim of discrimination and the Commission had no jurisdiction over the issues presented in her complaint, which were worker's compensation claims or workplace injuries. The allegations of the complaint consist, in part, of the following:

> The Commission said I had a right to file a Civil Action with the United States District Court within ninety 90 calendar days from date I received their Denial which I received on 12/3/06, so I want to file a Civil Action because of my on the job injury of 6/26/91 which was a skull fracture that the Memphis Internal Revenue Service where I worked cause me to have because the air condition was turned completely off on 6/26/91 and being worked on and it became hot in the IRS Annex Building where they had me working and I fainted because of the heat and fractured my skull on the right side.

(Docket Entry ("D.E.") 1 at 2.) Chatman further alleges that she retired from the IRS in December of 2002, but wants the Office of Worker's Compensation Programs to reopen her case so that her medical bills will continue to be paid in retirement because her "injury was the fault of the IRS." (D.E. 1 at 8.)

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

Although Plaintiff characterizes her complaint as an employment discrimination appeal, this action does not concern discrimination. Therefore, the conduct at issue does not violate any provision of 42 U.S.C. §§ 2000e-2 or 2000e-3. The complaint does not allege a violation of Title VII.

The administrative remedies before the United States Department of Labor (DOL) under the Federal Employees Compensation Act, (FECA), ch. 458, 39 Stat. 742 (codified as amended in scattered sections of 5 U.S.C. and 18 U.S.C.) are the exclusive remedy for a federal employee who suffers an on-the-job injury. The FECA administrative remedy precludes judicial review. See 5 U.S.C. §§ 8116(c), 8128(b); McDaniel v. United States, 970 F.2d 194, 196-98 (6th Cir. 1992)(FECA remedy preempts Federal Tort

3

Claims Act, 28 U.S.C. §§ 2671-80 and precludes judicial review); Jones v. Tennessee Valley Authority, 948 F.2d 258, 265 (6th Cir. 1991); Underwood v. United States Postal Service 742 F. Supp. 968, 970 (M.D. Tenn. 1990). FECA provides a comprehensive mechanism for resolving disputes and plaintiff cannot simply avoid the statutory scheme by filing a civil action in this or any other court. McCall v. United States, 901 F.2d 548, 550 (6th Cir. 1990)(holding that compensation under FECA is solely at discretion of Secretary of Labor).

There is an exception to the general prohibition against judicial review of FECA claims in cases where the Secretary of Labor, individually or through the actions of his subordinates in the Department of Labor, violated a claimant's constitutional rights or exceeded the scope of the congressional mandate. Owens v. Brock, 860 F.2d 1363, 1367 (6th Cir. 1988). This exception is not implicated here. Chatman has not alleged that she used the administrative proceedings available to her and has not raised any claim against the DOL or the Secretary of Labor.

The Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3), for failure to state a claim on which relief may be granted and for want of subject-matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must

4

obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendant, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim and lack of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 29th day of November, 2007.

                                         <u>s/ J. DANIEL BREEN        </u>
                                         UNITED STATES DISTRICT JUDGE